CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**August 14, 2024**

LAURA A. AUSTIN, CLERK
BY:      /s/T. Taylor
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **RODNEY LESTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00404 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J. LEACH, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Rodney Lester, Pro Se Plaintiff; Taylor D. Brewer, MORAN REEVES CONN, Richmond, Virginia, for Defendant Leach; Andrew R. Page, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for other Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that in March and April 2024, the defendants violated his constitutional rights while he was confined at Red Onion State Prison (ROSP) by using excessive force, making racial slurs and threats, and failing to process a disciplinary charge that is keeping him in segregated confinement.  Lester has also filed a separate motion seeking interlocutory injunctive relief.  I will deny his motion.

Lester contends that he should be transferred away from ROSP for his safety. He claims that in August 2024, after he filed this lawsuit, unnamed ROSP officers retaliated against him by bringing a disciplinary charge against him to interfere with

his earning of good conduct time.  A day later, defendant Barton allegedly told Lester, "We will get you."  Mot. 2, ECF No. 12.  Lester's counselor allegedly has refused to make copies for fear that Lester would put him in the lawsuit.  As relief, Lester asks the court to investigate the disciplinary charge and to order that officials transfer him away from ROSP.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied before the court can grant this extraordinary type of relief.  *Id.*

Lester has not stated facts showing that he is in imminent danger of suffering irreparable harm if he remains confined at ROSP.  Therefore, he has not satisfied the legal standard under *Winter* as required for the extraordinary form of relief he seeks. Moreover, Lester's request to transfer away from a specific prison facility fails to state any constitutional claim.  Inmates have no constitutional right to be housed (or not to be housed) in any particular prison or jail within the state where they are convicted.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in interstate prison transfer).

Furthermore, the court is not an investigative agency. Rather, the court adjudicates cases that parties present based on the evidence that they bring in support of their claims. Finally, Lester fails to state any facts showing that the officer or officers who brought the disciplinary charge against him were motivated by his lawsuit or any other exercise of his First Amendment rights. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020).

For the stated reasons, it is **ORDERED** that Lester's motion seeking interlocutory injunctive relief, ECF No. 12, is DENIED.

ENTER: August 14, 2024

/s/ JAMES P. JONES
Senior United States District Judge