CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 18, 2024
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **RODNEY LESTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00404 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **J. LEACH,** | ) | JUDGE JAMES P. JONES |
| **ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Rodney Lester, Pro Se Plaintiff; Taylor D. Brewer, MORAN REEVES CONN P.C., Richmond, Virginia, for Defendant Leach; Andrew R. Page, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendants Wright and Stewart.*

The plaintiff, Rodney Lester, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, and the defendants have responded. Lester has filed his second motion seeking interlocutory injunctive relief.  After review of the pleading and the record, I conclude that the motion must be denied.

Lester alleges that officers at Red Onion State Prison (Red Onion) have retaliated against him because he has pursued this lawsuit.  He alleges that his counselor refused to make copies for him, because he named the counselor as a defendant.  Lester also complains that unspecified officials are not following policies related to the segregation step-down program — by denying him a job and three

phone calls per month.  Finally, he claims that he received a "false" disciplinary charge on August 5, 2024, which he was in the process of appealing when he filed this motion. [*] Mot. 3, ECF No. 19.  As relief in this motion, Lester asks the court "to order a counselor to be present with someone with a working body camera to come and collect [his] documents and make copies" and that he be charged only $0.10 per page for copies.  *Id.*  Lester also wants step-down policies to be followed, so he gets his job and phone calls, and back pay for the months when he claims he should have had a job.  Finally, Lester wants the false charge dropped and all defendants named in his lawsuit "to be moved away from [him]."  *Id.*

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied before the court can grant this extraordinary type of relief.  *Id.*

Lester has not stated facts showing that he is in imminent danger of suffering irreparable harm if he remains confined at ROSP under the conditions he describes.

---

[*] After filing this motion, Lester moved to dismiss all claims against the counselor and all other defendants except two officers who allegedly used excessive force against him who are not mentioned in this motion.

Therefore, he has not satisfied the legal standard under *Winter* as required for the extraordinary form of relief he seeks.

For the stated reasons, it is **ORDERED** that Lester's motion seeking interlocutory injunctive relief, ECF No. 19, is DENIED.

ENTER:   December 18, 2024

/s/  JAMES P. JONES
Senior United States District Judge