**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **RODNEY LESTER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00404 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **J.T. WRIGHT and J. STEWART,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

*Rodney Lester, Pro Se Plaintiff; Megham K. Lackey,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, an inmate at Red Onion State Prison, located at Pound, Virginia, failed to appear for the jury trial scheduled to begin on July 14, 2025, at 9:00 a.m. at the federal courthouse in Abingdon, Virginia, to prosecute his civil action under 42 U.S.C. § 1983 against two correctional officers for allegedly assaulting him. The plaintiff refused to be transported by prison authorities that morning from the prison to the courthouse, approximately an hour away. This refused caused the trial to be cancelled, at the inconvenience of the jury panel called especially for this trial, the defendants, their witnesses, defendants' counsel, and the Court.

The Court issued a Show Cause Order to the plaintiff directing him to show cause why his case should not be dismissed for his failure to prosecute. Order, July 17, 2025, Dkt. No. 72. In response, the plaintiff stated that he refused to be

transported to the trial because "I couldn't breathe in my restraints." Resp. 1, Dkt. No. 73. He also attached a copy of a Grievance Receipt Report, in which it is reported that he complained that the officers placed a "belt-like thing" around his waist that they would not loosen and "I couldn't breathe." *Id*. at 3. He requested that the trial be rescheduled, and he be allowed "to come by video." *Id.* at 1.

In reply, the defendants submitted an affidavit of the Chief of Security at the prison, who stated that to be transported inmates are required to wear a so-called TACT belt and waist chain, which he described. He stated that "[n]either the belt nor the waist chain restricts an inmate's breathing." Notice Compliance Hall Aff. 1–2, Dkt. No. 76-1. In response, the plaintiff filed a declaration stating that he did not disagree with the descriptions of the security devices but reiterated that he could not breathe at the time. Resp. Aff. 1–2, Dkt. No. 81.

I credit the evidence presented by the defendants and find that the plaintiff had no valid reason to refuse to be transported to the trial. Whatever his motive behind his refusal, I must consider the effects of his conduct and the need for deterrence of others who may be tempted to manipulate a court's processes. Moreover, it appears from the plaintiff's request that he be allowed to appear remotely, that he is not likely to attend in person a trial in the future. While the Civil Rules, "[f]or good cause in compelling circumstances and with appropriate safeguards," permit testimony "by contemporaneous transmission from a different

location," Fed. R. Civ. P. 43(a), I do not find the plaintiff's situation to constitute good cause in compelling circumstances.[1]

Under these facts, I will dismiss the case with prejudice for failure to prosecute.

A separate Judgment will be entered herewith.

DATED:   December 1, 2025

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] Some years ago, I did allow an inmate suing under § 1983 to appear by contemporaneous transmission, but there the plaintiff was in New Mexico serving a lengthy term after conviction for violent crimes and the substantial cost and security concerns of a personal appearance were paramount.  The plaintiff was without any funds himself, and the Virginia defendants declined to bear the costs of his secure travel and did not object to the remote appearance of all witnesses.  *Edwars v. Logan*, 38 F. Supp. 2d 463 (W.D. Va. 1999).